SUMMONS in dower. Death of plaintiff suggested, and her administrator made a party; who prosecuted the suit for arrears.
Layton, for defendant, contended that the suit was abated by the death of the widow; not only as to dower, hut as to arrears. By the death of a party, no suit where the cause of action survives,
shall abate, c. (Const., art. 6, § 18.) Actions of tort are not within this saving, hut fall under the common law principle, actio personalis moritur, c. (Parke on Dower 308-9; 1 Cruise'sDig. 17; Tit. Dower, ch. 4, § 41; 1 Lev. 38; 1 Salk.Rep. 252; 1 Show. Rep. 97, S. C; 3 Mod. 282; 3Lev. 275, S. C.)
The action of dower sounds in damages; it is for a tort; ex delicto, not ex contractu; goes for damages for wrongful detention. If the tenant die, pending the action for dower, the action abates; if the demandant die, pending action, the suit cannot proceed; and, even after judgment for dower, if she die, no remedy survives for the damages. Damages are no duty until assessed. (3 Mod. 282; 2Brown Ch. Cases 629-32.)
Houston. — Damages for arrears of dower are recoverable only under the statute of Merton, which gives the action of scire facias for damages, after recovery of dower. Our own act, Dig. 164, gives damages for detention of dower, "in satisfaction of any demand on account of rents and profits," treating this as a debt, and indeed, a favored demand in law. I see not why it should abate.
Wootten. — The right to damages for arrears of dower, is given by our act as expressly in the name and character of damages, as by the statute of Merton. It is a remedy for a tort sounding in damages, and as distinctly apart from any contract, as any other personal action which dies with the person. This is not a suit for rent, but for damages for a wrongful detention of dower.
By the Court. — This is a real action. It is a demand of the land; and the damages are a mere accident given by the act of assembly. It is not even a mixed action. It is purely a claim for the land. The damages for detention can in no case be recovered without recovery of the dower; and as this is impossible after the death of the dowress, the damages fall with her death.
 Nonsuit granted.